JUDGE COFER
delivered the opinion or the court.
The general assembly, by an act approved February 23,1876 (1 Sess. Acts, 24), created a criminal court for the sixth judicial district and Hardin County; and by an act approved March 20, 1876 (1 Sess. Acts, 100) the name of Hardin County was stricken from the original act and the name of Taylor County substituted.
In August, 1874, the appellant was elected commonwealth’s attorney for the seventh judicial district, and the appellee was *217 at the same time elected commonwealth’s attorney for the sixth district.
The county of Taylor was then and is now a part of the seventh district.
The act creating the criminal court in the sixth district and the amendment thereto provide for the holding of courts in each of the counties in said district and in the county of Taylor, and that “the commonwealth’s attorney for the sixth district shall attend each term of said court and represent the commonwealth, and discharge all the duties, and be entitled to the same compensation as now provided by law for attending circuit courts.”
At the October Term, 1876, of the criminal court in Taylor County, the appellee appeared in court and produced his commission as commonwealth’s attorney for the sixth district, and was sworn and admitted as attorney for the commonwealth in that county in that court.
On the next day the appellant appeared in court and produced his commission, and claiming to be entitled to prosecute the pleas of the commonwealth in that county and in that court, moved that the order admitting the appellee be set aside and that he be admitted.
His motion was overruled, and he prosecutes this appeal, and insists that so much of the act creating the criminal court as attempts to devolve the prosecution of criminal and penal causes in that court upon the appellee, and thereby to deprive him of the right to appear and represent the commonwealth is unconstitutional.
We are met in limine with the proposition that the appellant has no right, in virtue of his office, to prosecute, except such as is given to him by law ¡ that the legislature has unquestionable power to define his duties, and may authorize any one it may choose to designate to prosecute the pleas of the commonwealth; and that it has only authorized and required *218 him to prosecute in the circuit courts, and consequently he is not authorized or entitled to prosecute in the criminal court, and therefore has no interest in the constitutional question, whether the legislature had power to make the commonwealth’s attorney, elected in the sixth district, prosecutor in the criminal court in Taylor County in the seventh district.
It is a sound rule of constitutional law that the courts will not listen to an objection to the constitutionality of a statute by one whose rights it does not affect. (Cooley’s Con. Lim. 164; Marshall v. Donovan, &c., 10 Bush, 691.)
We therefore proceed to consider whether, under the laws now in force, the appellant could lawfully claim to represent the commonwealth in the criminal court of Taylor County, if the provision of the act creating that court, which makes it the duty of the commonwealth’s attorney of the sixth district to attend said court and represent the commonwealth, should be declared unconstitutional.
The constitution does not define the duties of commonwealth’s attorneys. It provides that a commonwealth’s attorney for each judicial district shall be elected by the qualified voters of the district at the same time and for the same term as circuit judges. (Secs. 1 and 3, art. 6, Const.)
The duties they are to perform must therefore be prescribed by the legislature.
Section 1, art. 4, chap. 5 of the General Statutes provides that “it shall be the duty of the attorney for the commonwealth to attend each circuit court holden in his district, and prosecute all violations of the criminal and penal laws therein, and discharge all other duties assigned him by law.”
And section 28 of chapter 21 provides that “the words ‘circuit court’ shall be construed to mean any court of similar jurisdiction, either criminal, ordinary, or equitable.”
Originally circuit courts were the only courts in this state of general jurisdiction in civil and criminal causes, and when *219 the legislature speaks of courts of “similar jurisdiction” it is to be understood to refer to courts of general jurisdiction, and section 29, supra, should be construed as if the words “general jurisdiction ” had been used instead of the words “ similar jurisdiction.”
It is then clear from these two sections that in deciding whether it is the duty of the appellant to attend the Taylor criminal court and prosecute violators of the criminal and penal laws therein, that section 1, article 4, chapter 5, must be construed as if it read, “ It shall be the duty of the attorney for the commonwealth to attend each circuit or other court of general criminal jurisdiction holden in his district, and prosecute,” etc.
We therefore entertain no doubt but that it is the right and duty of the appellant to prosecute the pleas of the commonwealth in the criminal court of Taylor County, if, as he claims, the act assigning that duty to the appellee is unconstitutional.
The feature of the present constitution which distinguishes it more than all others from previous constitutions is the provision for the election of nearly all the officers of government by the people. Each political subdivision chooses the officers whose duties pertain to and are to be performed within its limits, and all officers are required to reside within the territory by the voters of which they are elected.
If the statute in question be constitutional, the people only enjoy the benefit of these provisions of their constitution at the will of the legislature, and officers chosen by the people of a particular district hold the privilege of serving that people by the same tenure.
If the appellee may be sent into Taylor County to prosecute, then we see no reason, if the legislature had so willed, why he might not have been sent to prosecute in every county in the appellant’s district, and the appellant, to prosecute in the counties of the sixth district.
*220 We entertain no doubt that the legislature may change the boundary of judicial districts, and that if they had done so they might have deprived the people of Taylor County of the services of the appellant, and him, of the right longer to serve them. The constitution expressly authorizes the boundary of districts to be changed after each enumeration and whenever a new district is created. Whether that could be so done as to transfer a judge or commonwealth’s attorney to a county not included in the district where he was elected we do not intimate an opinion. It is sufficient for this case that there has been no effort to change the boundary of appellee’s judicial district'.
At the time the constitution was adopted the only judicial districts in existence, and those referred to in the constitution, were circuit court districts, and the constitution requires the district of the commonwealth’s attorney to be identical with the district of the circuit judge, no matter what may be the boundary of the districts of criminal courts created by the legislature.
The office of commonwealth’s attorney being created by the constitution, and that instrument requiring the office to be filled by popular election in each judicial, i. e. circuit court district, that officer when elected must perform his duties in the district by which he was elected, and the legislature can neither authorize nor require him to go outside of it, unless they may do so by changing his district at the first session after an enumeration or when a new district is established.
We are thérefore of the opinion that so much of the act to establish a criminal court in the sixth judicial district and in Hardin County, and of the act amending the same, as requires the commonwealth’s attorney for the sixth judicial district to perform the duties of commonwealth’s attorney in Taylor County, in the seventh district, is unconstitutional.
The judgment of the criminal court permitting the appellee to perform those duties and excluding the appellant from doing *221 so is reversed, and the cause is remanded with directions to sustain the appellant’s motion and permit him to discharge the duties of his office.